**JUDICIAL WATCH, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF ENERGY, et al., Defendants.**

**Natural Resources Defense Council, Inc., Plaintiff,**

v.

**United States Department of Energy, Defendant.**

**Natural Resources Defense Council, Inc., Plaintiff,**

v.

**Department of Interior, et al., Defendants.**

Nos. CIV.A.01–0981(PLF), CIV.A.01–2545(PLF), CIV.A.02–1330(PLF).

United States District Court, District of Columbia.

May 26, 2004.

Larry Elliott Klayman, James F. Peterson, Judicial Watch, Inc., Washington, DC, Paul J. Orfanedes, Klayman & Associates, PC, Washington, DC, for Judicial Watch, Inc.

Howard Mesnikoff Crystal, Eric Robert Glitzenstein, Meyer & Glitzenstein, Washington, DC, Sharon Buccino, Natural Resources Defense Council, Washington, DC, for Natural Resources Defense Council, Inc.

Daniel Edward Bensing, Anne L. Weismann, U.S. Dept. of Justice, Fed. Programs Branch, Washington, DC, Gilian Flory, William Alvarado Rivera, Elizabeth J. Shapiro, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, for Dept of Agriculture.

Daniel Edward Bensing, U.S. Dept. of Justice, Fed. Programs Branch, Washington, DC, Elizabeth J. Shapiro, Anne L. Weismann, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, for Dept. of Energy.

Daniel Edward Bensing, U.S. Dept. of Justice, Fed. Programs Branch, Washing-

ton, DC, Elizabeth J. Shapiro, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, for Bureau of Land Management.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on defendants' motion for reconsideration of this Court's Opinion of March 31, 2004 and motion for a stay pending appeal. Upon consideration of defendants' motion, plaintiffs' opposition, defendants' reply and plaintiffs' surreply, the Court concludes that defendants' motion for reconsideration should be denied, but that defendants' motion for a stay pending appeal should be granted.

■ Motions for reconsideration are committed to the sound discretion of the trial court. *See Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996). A motion for reconsideration need not be granted "unless the district court finds that there is an intervening change in controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *Id.* (citations and quotations omitted). It is "not simply an opportunity to reargue facts and theories upon which a court has already ruled." *State of New York v. United States of America,* 880 F.Supp. 37, 38 (D.D.C.1995) (three judge panel) ("[A] motion to reconsider must establish more than simply the defendant's continued belief that the Court's decision was erroneous."). Instead, a motion for reconsideration will be granted only if the moving party "presents new facts or a clear error of law which compel[s] a change in the court's ruling." *Id.* at 39.

■ Defendants' brief in support of their motion for reconsideration reargues many of the same issues already briefed by the parties and decided by the Court in its March 31, 2004 Opinion. The purpose of a motion for reconsideration is not to repeat arguments which the Court has already found unpersuasive. Defendants have articulated no "clear error of law" such as would warrant this Court's reconsideration of its previous Opinion and Order. The Court therefore declines to revisit its previous legal conclusions.

■ The only new case presented by defendants is the court of appeals' intervening decision in *Judicial Watch, Inc. v. Department of Justice,* cited in defendants' reply in support of its motion for reconsideration. *See Judicial Watch, Inc. v. Department of Justice,* and365 F.3d 1108 (D.C.Cir.2004) ("the *Pardon Case* "). The *Pardon Case* explains that Exemption 5 "has been construed to incorporate the presidential communications privilege" as well as other privileges. *Id.* at 1113–14. Defendants raised Exemption 5 throughout their summary judgment briefs to justify the agency's withholding of inter- and intra-agency communications, but never mentioned the presidential communications privilege. The presidential communications privilege emerged for the first time in defendants' motion for reconsideration. The concept of the presidential communications privilege was not established by the *Pardon Case.* The *Pardon Case* clarifies the scope of the presidential communications privilege but does not establish a new privilege. Defendants could have raised the presidential communications privilege in their motions for summary judgment, but chose not to. The government offers no explanation for its failure to raise the presidential communications privilege prior to the Court's ruling on all of the parties' motions for summary judgment in these three consolidated cases.

The court of appeals has "plainly and repeatedly told the government that, as a general rule, it must assert all exemptions at the same time, in the original district court proceedings." *Maydak v. United States Department of Justice*, 218 F.3d 760, 764 (D.C.Cir.2000). The court has "emphasized that 'agencies [may] not make new exemption claims to a district court after the judge has ruled in the other party's favor,' nor may they 'wait until appeal to raise additional claims of exemption or additional rationales for the same claim.' " *Senate of the Commonwealth of Puerto Rico on Behalf of Judiciary Committee v. United States Department of Justice*, 823 F.2d 574, 580 (D.C.Cir.1987) (quoting *Holy Spirit Association v. CIA*, 636 F.2d 838, 846 (D.C.Cir.1980)).

■ "[T]he interests of judicial finality and economy have special force in the FOIA context, because the statutory goals—efficient, *prompt*, and full disclosure of information—can be frustrated by agency actions that operate to delay the ultimate resolution of the disclosure request." *Senate of the Commonwealth of Puerto Rico on Behalf of Judiciary Committee v. United States Department of Justice*, 823 F.2d at 580 (citations and quotations omitted) (emphasis in original). Although there are some "extraordinary circumstances" in which appellate courts may allow the government to raise FOIA exemption claims that were omitted in the original proceedings, such as where there is a "substantial change in the factual context of the case or because of an interim development in applicable legal doctrine," *August v. Federal Bureau of Investigation, Department of Justice*, 328 F.3d 697, 700 (D.C.Cir.2003), the government has established no such extraordinary circumstances that would cause the Court to address the presidential communications

privilege for the first time on a motion for reconsideration.

Although the Court is denying defendants' motion for reconsideration, the Court has considered defendants' representations concerning the potential harm to defendants from compliance with the Court's Order prior to appellate consideration of the issues addressed in the Court's Opinion of March 31, 2004 and is satisfied that defendants have articulated sufficient grounds to justify a stay. The Court therefore will order a stay with respect to all aspects of the Court's March 31, 2004 Order other than those specifically excluded by this Order and the Order entered by the Court on May 18, 2004. In granting the stay, the Court has relied upon defendants' representation that they will request expedition in the court of appeals. *See* Reply in Support of Defendants' Motion for Reconsideration of Stay Pending Appeal at 18. Accordingly, it is hereby

ORDERED that defendants' motion for reconsideration [106–1] is DENIED; it is

FURTHER ORDERED that defendants' motion for stay pending appeal [106–2] is GRANTED; it is

FURTHER ORDERED that the requirements of the Court's Order of March 31, 2004 are STAYED, with the exception of the following obligations, which were articulated by the parties in their joint motion to extend deadlines which was granted by the Court on May 18, 2004:

(a) the obligation of the Department of the Interior to conduct additional searches of records as directed in subparagraphs (iii) and (iv) at page 4 of the Court's Order and produce those records or provide supplemental declarations and/or supplemental *Vaughn* indexes for such records, excluding those records dated before the public release of the national energy report and those records transmitted to or

**36**

from non-agency officials within the Executive Branch; and

(b) the obligation of the Departments of Energy, Agriculture, Transportation and Commerce, and the Environmental Protection Agency to re-examine records in their *Vaughn* indexes dated after the public release of the National Energy Report as directed on pages 6–7 of the Court's Order and to produce those records or provide supplemental declarations and/or supplemental *Vaughn* indexes for such records, excluding those records that were transmitted to or from non-agency officials within the Executive Branch and/or the DOE employees detailed or assigned to the Office of the Vice President; and

(c) the obligation of the Department of Energy to re-examine records that it reclassified as non-responsive as directed on page 7 of the Court's Order and to produce or provide supplemental declarations and/or supplemental *Vaughn* indexes for such records, excluding those records that were transmitted to or from non-agency officials within the Executive Branch; and it is

FURTHER ORDERED that defendants shall request expedition in the court of appeals.

SO ORDERED.